THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CUSTOM DIRECT, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-09-2348 |
| WYNWYN, INC., *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Custom Direct, LLC ("Custom Direct"), brings this action for trademark and copyright infringement, false destination of origin, trademark confusion and unfair competition against Defendants Wynwyn, Inc. ("Wynwyn"), Bronwyn Bamber ("Ms. Bamber") and Taylor Bamber ("Mr. Bamber"). Pending before this Court are Defendant Wynwyn's Motion to Dismiss Counts II[1] and VI of the Plaintiff's Complaint (Paper No. 14) and Defendant Taylor Bamber's Motion to Dismiss (Paper No. 15). Defendants' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated below, Defendant Wynwyn's Motion to Dismiss (Paper No. 14) is GRANTED as to the copyright infringement damages claim in Count II and the Maryland Deceptive Trade Practices Act claim set forth in Count VI. Defendant Taylor Bamber's Motion to Dismiss for Lack of Jurisdiction (Paper No. 15) is GRANTED.

---

[1] In their Reply Memorandum (Paper No. 28), Defendants withdrew their Motion to Dismiss Count II, but maintain that this Motion should be granted to the extent that Plaintiff's claim seeks statutory damages, enhanced or punitive damages for willful infringement and attorneys' fees under the Copyright Act, 17 U.S.C. § 101, *et seq*.

1

**BACKGROUND**

This Court reviews the facts relating to this claim in the light most favorable to the petitioner. *See, e.g., Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

Plaintiff Custom Direct, LLC is one of the top manufacturers and suppliers of business and personal checks in the United States. Compl. ¶ 10. At one point, Defendants Wynwyn, Inc., and Taylor Bamber had contracts to perform internet marketing for Custom Direct. *Id*. Custom Direct alleges that after its contract with Wynwyn expired in the summer of 2009, it continued to use Custom Direct's trademarks to attract customers to Custom Direct's competitors. *Id*. ¶¶ 25-50. Custom Direct alleges that Mr. Bamber maintains a website that offers products that compete with Custom Direct's products. *Id*. ¶ 30. Custom Direct appears to allege that both Wynwyn's and Mr. Bamber's activities constitute trademark and copyright infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 and 17 U.S.C. §501, false destination of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), trademark infringement under the Maryland Deceptive Trade Practices Act, Md. Comm. Law Ann. Code § 13-301 *et seq*., and unfair competition under common law.

**STANDARD OF REVIEW**

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted, and therefore a Rule 12(b)(6) motion tests the legal sufficiency of a complaint.

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the

plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. *Id.* at 555. Thus, a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See Twombly*, 550 U.S. at 570 (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citations omitted)). Thus, even though Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft*, 129 S. Ct. at 1950.

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has recently explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 129 S. Ct. at 1949. On a spectrum, the plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1937. At bottom, the court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

**ANALYSIS**

I.  **Defendant Wynwyn's Motion to Dismiss (Paper No. 14)**

   A.  **Copyright Infringement Damages (Count II)**

Defendant Wynwyn moves for this Court to grant its Motion to Dismiss Custom Direct's Copyright Infringement claim (Count II) to the extent that it seeks statutory damages, enhanced or punitive damages for willful infringement and attorneys' fees under the Copyright Act, 17 U.S.C. § 101, *et seq*. The owner of a copyright registration is entitled to statutory damages, enhanced damages for willful infringement or attorneys' fees only if registration predates the date of first infringement. *See* 17 U.S.C. § 412. An owner of a copyright is not entitled to enhanced or punitive damages for willful infringement unless it also is entitled to statutory damages. *See* 17 U.S.C. § 504(c)(2).

At the time Custom Direct filed its original Complaint, it had not registered copyrights for the works at issue in Count II. A few days after filing that complaint, Custom Direct obtained copyright registrations for the pertinent works and submitted an Amended Complaint, which continues to request statutory and enhanced damages as well as attorneys' fees. Am. Compl. at 16. Custom Direct does not dispute that Wynwyn's alleged infringement happened before it obtained copyright registrations for the works at issue. Thus, even if Custom Direct prevails on the issue of liability under Count II, it is not entitled to recover statutory damages, enhanced or punitive damages and attorneys' fees under the Copyright Act.

   B.  **Maryland Deceptive Trade Practices Act (Count VI)**

Defendant Wynwyn argues that only "consumers" have standing to bring a claim under the Maryland Deceptive Trade Practices Act, Md. Comm. Law Ann. Code § 13-301 *et seq*. *See, e.g., Boatel Indus. v. Hester*, 77 Md. App. 284, 303 (Md. Ct. Spec. App. 1998) (holding that

remedies for violations of the MDTPA are limited to consumers purchasing consumer goods). Thus, since Custom Direct is a competitor, and not a consumer, it may not bring a cause of action under the MDTPA. In response, Custom Direct contends that since MDTPA § 13-408(a) states that "any person may bring an action to recover for injury or loss" under the statute, and § 13-101(h) defines the word "person" to include a corporation, partnership or association, it is protected by the statute and able to seek redress. In *Penn-Plax, Inc. v. Schultz, Inc.*, 988 F. Supp. 906, 910 (D. Md. 1997), this Court rejected the argument that the MDTPA's definition of "person" gives corporate plaintiffs standing to sue under the MDTPA. As this Court explicitly stated in *Penn-Plax*: "[T]here is no competitor standing under the [MDTPA]." *Id*. Accordingly, Custom Direct does not have standing to bring a claim under the MDTPA and Count VI is dismissed.

## II.     Defendant Taylor Bamber's Motion to Dismiss for Lack of Jurisdiction (Paper No. 15)

When a court's personal jurisdiction over a nonresident defendant is challenged by a motion under Federal Rule of Civil Procedure 12(b)(2), "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc*., 334 F.3d 390, 396 (4th Cir. 2003). In order for a court to exercise personal jurisdiction over a non-resident defendant, two conditions must be satisfied: "(1) the exercise of jurisdiction must be authorized under the state's long-arm statute and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst*, 334 F.3d at 396. Although it is well-established that the outer limits of the Maryland long-arm statute are "co-extensive" with due process requirements, the Maryland Court of

Appeals has noted that an examination under the long-arm statute remains a requirement of the personal jurisdiction analysis. *Mackey v. Compass Mktg, Inc.*, 892 A.2d 479, 493 n.6 (Md. 2006); *see also Carefirst*, 334 F.3d at 396-97; *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 135 (4th Cir. 1996); Md. Code Ann., Cts. & Jud. Proc. § 6-103 (Maryland long-arm statute). In order for the exercise of personal jurisdiction to comport with due process, a non-resident defendant must have sufficient "minimum contacts" with the forum state that requiring it to defend itself within the forum state "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Defendant Taylor Bamber maintains that Custom Direct's claims against him should be dismissed for lack of personal jurisdiction. As an initial matter, Custom Direct only names Mr. Bamber in two of the 82 paragraphs in its Complaint, neither of which asserts facts that would support this Court asserting personal jurisdiction over him. *See* Compl. ¶¶ 6, 30. Furthermore, Mr. Bamber is not, and never has been, a resident of Maryland, nor is he an employee of Custom Direct. Bamber Mot. to Dismiss, Ex. 1. Instead, he is a full-time college student in Minnesota. *Id*.

Even construing all facts in Custom Direct's favor, this Court finds that Plaintiff has failed to allege any specific facts connecting Mr. Bamber to the State of Maryland. Custom Direct's primary argument that personal jurisdiction over Mr. Bamber is proper is that he directed potential customers living in Maryland to Custom Direct, and received payments from Custom Direct for doing so. To establish personal jurisdiction based upon such electronic contacts, Custom Direct must show that Mr. Bamber: "(1) direct[ed] electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity create[d], in a person within the State, a potential cause of action

cognizable in the State's courts." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc*., 293 F.3d 707, 714 (4th Cir. 2002). In the Fourth Circuit, "passive" internet activity, which "does little more than make information available to those who are interested in it," does not constitute the kind of electronic activity described in this test, and therefore does not establish that the first or second prongs of this test are met. *Id*. Custom Direct produces no evidence that Mr. Bamber's website targeted customers in Maryland, or that Mr. Bamber's website was anything but passive in nature.[2] Mr. Bamber did not sell Custom Direct checks on or from his website, but instead made a commission only when a consumer linked from his site to Custom Direct's and made a purchase from the Plaintiff. Bamber Mot. to Dismiss, Ex. 2 ¶¶ 11-12. Tellingly, Mr. Bamber's contract with Custom Direct affirmatively prohibited him from engaging in an active relationship or exchange of information with visitors to his website. Paper No. 20, Ex. 1. Simply put, Mr. Bamber's only contact with Custom Direct's customers was the passive act of "mak[ing] information available to those who are interested in it." *ALS Scan*, 293 F.3d at 714 (citation omitted). Accordingly, Custom Direct has not established that this Court has personal jurisdiction over Mr. Bamber based upon his electronic contacts with the state of Maryland.

## **CONCLUSION**

For the reasons stated above, Defendant Wynwyn's Motion to Dismiss (Paper No. 14) is GRANTED as to the issue of damages in Count II and GRANTED as to Count VI. Defendant Taylor Bamber's Motion to Dismiss for Lack of Jurisdiction (Paper No. 15) is GRANTED.

---

[2] Custom Direct appears to request jurisdictional discovery in its Response. Paper No. 20 at 11. Although discovery is liberally granted under the Federal Rules of Civil Procedure, Custom Direct has not demonstrated that it is entitled to discovery on this issue and does not present any evidence that refutes Mr. Bamber's Affidavit. Accordingly, Custom Direct's request for jurisdiction discovery is denied. See, e.g., *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003) ("When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery.").

A separate Order follows.

Dated: May 4, 2010        /s/_____

                          Richard D. Bennett
                          United States District Judge